# Exhibit 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Application of Robert Gordon Kidd for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No.: 3:20-mc-16-TOF |

## DECLARATION OF ALEXANDER GARIOCH

Pursuant to 28 U.S.C. § 1746, I, Alexander Garioch, declare under penalty of perjury under the laws of the United States of America as follows:

1. I am a solicitor at Gilson Gray, LLP, and I am based in Gilson Gray LLP's Glasgow office.

2. I am a member of the Law Society of Scotland. I have been certified by the Council of the Law Society of Scotland to practice law in Scotland as a solicitor for 29 years.

3. I, along with Gilson Gray LLP, represent Lime Rock Management LLP, Lime Rock Management LP and Lime Rock Partners V, LP, as well as Hamish Hector Lawrence Ross and Jason Smith in the case Robert Gordon Kidd against Lime Rock Management LLP and seven others (the "Scottish Proceeding").

4. I make this Declaration based on personal knowledge of the facts set forth herein and my review of relevant documents.

5. The Scottish Proceeding is currently at a stage where the period within which parties were permitted under the timetable fixed by the court to amend their written pleadings (in Scotland referred to as "adjustment") has now expired. Further adjustment by any of the parties will require leave of court.

KE 69053519.4

6. The next step in the Scottish Proceeding is for a Debate to take place. This is scheduled to take place over the 3 day period commencing June 23, 2020. This Debate will comprise legal argument; no evidence will be taken. This legal argument will proceed on the basis that all parties' written pleadings are taken, for the purpose of the debate, "*pro veritate*," i.e., the allegations in the pleadings assumed to be correct. The issue for the court then, is if one party's pleadings are correct, i.e., they can prove what they offer to prove, whether they have a case that is "relevant in law" (meaning it states a cognisable legal theory). If the court determines that Kidd's case is not "relevant in law," i.e., that even if he could prove all that he offers to prove, he has no legal remedy against the defenders, then his case will be dismissed and not allowed to go forward to trial. I understand that this is similar to a motion for judgment on the pleadings under U.S. procedure.

7. The primary legal arguments that the defenders intend to raise at Debate are, in summary, (1) that Kidd's settlement in his previous damages action against his then counsel precludes him from recovering damages against any of the defenders in the Scottish proceeding; and (2) that Kidd's action is time-barred under the Scottish equivalent of the US statute of limitations.

8. While the defenders of course dispute Mr. Kidd's allegations of any wrongdoing whatsoever, these allegations are not at issue in the Debate, since the Debate will proceed on the hypothesis they are correct. The veracity of these allegations will be a matter for trial when evidence is offered. Such a trial will only ever happen if Kidd's action survives Debate. As I have said, if the Scottish court rules in defenders' favor following the Debate, then Kidd's action will be dismissed.

9. If the Scottish court does not dismiss Kidd's case at Debate, either because it decides his case is "relevant" or that it is not possible to determine the legal arguments without first hearing evidence, then the matter will be set for trial. Prior to trial parties will be entitled to apply for disclosure for any documents they think are relevant for the trial. Accordingly, discovery will take place at that time.

10. Defenders filed a Petition for Interdict and Interdict *ad Interim*, which is akin to a motion for a permanent and preliminary injunction, seeking an order preventing Kidd from obtaining documents and deposition testimony from Respondents. A hearing was held on the Petition for Interdict *ad Interim* on May 5, 2020.

11. The Scottish court initially continued the Petition for Interdict *ad Interim* pending proceedings in the United States. It then heard argument on May 21, 2020, and on May 27, 2020, issued a ruling. The Scottish court granted Interdict *ad Interim* preventing Kidd obtaining the depositions he seeks, but did not grant Interdict *ad interim* in respect of the documents that Kidd seeks in the United States. As a result of this order, Kidd is prevented—by himself or through any agent—from holding a deposition to take testimony from Reynolds or McCall.

12. Both sides have the opportunity to appeal the Scottish court's decision on the Interdict ad Interim by June 10, 2020.

13. The Interdict *ad Interim* is a non-final order. It is an interim order that remains in place (unless recalled) until the conclusion of the action for interdict. The next step in the interdict case is for Kidd to lodge answers to the petition. Thereafter, further procedure will be decided and if the case proceeds to a conclusion there will ultimately be a final hearing (debate/trial). At the final hearing the Scottish court will revisit the issues presented at the

interim hearing when it rules on whether to grant the Petition for Interdict, which is akin to a permanent injunction in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Glasgow, Scotland this 28th Day of May 2020.

_____
Alexander Garioch